**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                                                 (973) 645-4693
BANKRUPTCY JUDGE                                                                Fax: (973) 645-2606

**NOT FOR PUBLICATION**

```
FILED
JAMES J. WALDRON, CLERK
DEC. 5, 2013
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner
JUDICIAL ASSISTANT
```

December 5, 2013

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Susan S. Long, Esq.                                   Roger B. Radol, Esq.
140 East Ridgewood Avenue, Suite 415                  15 Engle Street, Suite 102
Paramus, New Jersey  07652                            Englewood, New Jersey  07631
*Counsel for Debtors*                                 *Former Counsel for Debtors*

Marie-Ann Greenberg, Esq.
Office of the Chapter 13 Standing Trustee
30 Two Bridges Road, Suite 230
Fairfield, New Jersey  07004
*Chapter 13 Standing Trustee*

Re:    **ADAM DeSIMONE and CHRISTINA DeSIMONE**
       **Case No. 12-18258  (DHS)**

Page 2
December 5, 2013

Dear Counsel:

The Chapter 13 Standing Trustee has filed a Notice of Funds on Hand in the above case, which was converted from Chapter 13 to Chapter 7 prior to confirmation of the Debtors' Plan of Reorganization. The Trustee is holding $10,718.00 on account of the Debtors' Chapter 13 Plan payments and proposes to disburse the funds on hand to the Debtors pursuant to 11 U.S.C. section 1326(a)(2). The Debtors' former Chapter 13 counsel ("Former Counsel") filed an objection to the Notice of Funds on Hand contending that he should be paid $7,033.50 pursuant to the Order of this Court dated August 21, 2013 awarding him fees to be paid as an administrative priority. Former Counsel argues that pursuant to sections 330(a), 503(b), and 1326(a)(2), attorneys' fees and other administrative expenses are to be deducted from funds held by the Chapter 13 trustee with the balance remaining to be returned to the debtors. Former Counsel's position is opposed by the Debtors. The Debtors argue that there was never an order entered denying confirmation prior to the Chapter 13 being converted and that section 348(f)(1) instructs that the undistributed plan payments derived from a Chapter 13 debtor's post-petition assets are not property of the Chapter 7 estate following conversion and thus creates a tension with section 1326(a)(2) recently addressed by the bankruptcy court in *In re Clements,* 498 B.R. 74 (Bankr. E.D. Pa. 2013).

The relevant facts are that Debtors filed Chapter 13 on March 30, 2012 and later filed a Plan which was subsequently amended but never confirmed. During the Chapter 13, the Debtors made plan payments to the Trustee in anticipation of plan confirmation. On August 21, 2013, the Court entered an Order granting $7,033.50 to Former Counsel awarding fees and

expenses rendered on behalf of the Debtors to be paid as an administrative priority. Soon thereafter, the Debtors moved *pro se* to convert their Chapter 13 to a Chapter 7 proceeding. The Trustee in the Chapter 7 has designated the matter as a no-asset case. The Chapter 13 Trustee is holding $10,718.00 on account of plan payments made by the Debtors, which have not been distributed. The issue is whether those funds should be distributed entirely to the Debtors or payment of Chapter 13 administrative expenses made and the balance remitted to the Debtors, pursuant to 11 U.S.C. section 1326(a)(2).

11 U.S.C. section 348(f)(1)(A) provides that, in a case converted from Chapter 13, property of the bankruptcy estate "shall consist of property of the estate, as of the date of the filing of the petition." Thus, on conversion of a case from Chapter 13 to Chapter 7, in the absence of bad faith, estate property is retroactively limited to property of the estate as of the bankruptcy filing date. Section 348(f)(1)(A) provides that the bankruptcy estate be treated as if it always had been a Chapter 7 case. *See Michael,* 699 F.3d at 310 ("the order converting the case is effectively backdated to the time of the order for relief under Chapter 13, which is the date of the filing of the Chapter 13 petition"). *See also In re Bullock,* 41 B.R., 637, 640 (Bankr. E.D. Pa. 1984 ("on conversion of a case from Chapter 13 to Chapter 7, the case is deemed commenced as of the date of the original petition as a Chapter 7 proceeding and consequently, . . . the Chapter 13 estate, is deemed never to have existed"). As a result, "property acquired post-petition that is in the Chapter 13 estate at the time of conversion is not property of the new Chapter 7 estate." *In re Michael,* 699 F.3d 305 (3d Cir. 2012).

Page 4
December 5, 2013

In most cases converted from Chapter 13 to Chapter 7, the undistributed plan payments held by the Chapter 13 trustee do not flow into the Chapter 7 estate upon conversion as a result of section 348(f)(1)(A). This is because, usually, the source of the debtor's payments to the Chapter 13 trustee is the debtor's post-petition earnings and such earnings are not property of the estate by virtue of section 541(a)(6).

However, Section 1326(a)(2) provides that:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a Plan is confirmed, the trustee shall distribute any such payment in accordance with the Plan as soon as is practicable. If a Plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, *after deducting any unpaid claim allowed under section 503(b).* (emphasis added).

The second and third sentences of section 1326(a)(2) address the disposition of the undistributed plan payments in the instance of "if a Plan is confirmed" and "if a Plan is not confirmed."

Section 503(b) provides for the allowance of administrative expenses, which includes compensation allowed to the debtor's counsel in Chapter 13 cases. (*see also* section 330(a)(4)(B) providing that in a Chapter 13 case, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in a bankruptcy case).

Here, the Debtors rely upon *In re Michael*, in which the Third Circuit held that upon conversion to a Chapter 7 proceeding, after confirmation of a Chapter 13 Plan, the undistributed Plan payments are returned to the debtor. The Debtors also look to *In re Clements*, 495 B.R. 74 (Bankr. E.D. Pa. 2013), in which the Bankruptcy Court held that in a case converted prior to confirmation of a Plan, because the Court never denied the confirmation of a Plan, the Plan

payments that the debtor had made from post-petition income had to be returned to the debtor in their entirety. In *Clements*, the facts reveal that debtor's counsel had filed an application for fees prior to the conversion but such administrative expenses had not been the subject of an Order in the Chapter 13 case prior to conversion. In the instant matter, an Order was entered during the Chapter 13 case prior to the conversion and the Debtors seek to extend the holding in *Clements* to include a return of all undistributed Plan payments without payment of the claim allowed under section 503(b).

When statutory language is plain, courts must enforce the language in accordance with its terms. *Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) (citations omitted). "In construing statutes, 'we must, of course, start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used.'" *Appalachian States Low-Level Radioactive Waste Comm'n v. Pena*, 126 F.3d 193, 197 (3d Cir. 1997) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992)) (citation omitted). "[I]t is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537 (1994) (citation omitted).

This Court finds that the third sentence of section 1326(a)(2) means what it says and should be read to provide that when a Plan has not been confirmed, payments are to be returned to the debtor after deducting any unpaid claim allowed under section 503(b). "Not confirmed" is not ambiguous. It means no confirmation has occurred. If Congress wanted the section to apply only when confirmation had been denied, it could have specifically stated "denial of

Page 6
December 5, 2013

confirmation," the language found in the first sentence of section 1326(a)(2). The language at issue is clear and unambiguous, and a contrary holding strains the clear intent of the statute.

A similar determination was recently reached in *In re Garris*, 496 B.R. 343 (Bankr. S.D.N.Y. 2013) where the debtors' chapter 13 case was dismissed pre-confirmation, and the debtors argued that because there was never a denial of confirmation, 11 U.S.C. § 1326(a)(2) was not applicable. The *Garris* court held that the subsection of the Bankruptcy Code providing that "[i]f a plan is not confirmed," the trustee shall return plan payments to the debtors, after deducting any unpaid allowed administrative expense claims applied in determining entitlement to plan payments remitted by trustee. 11 U.S.C. § 1326(a)(2). In interpreting the statute, the court noted: "[i]f Congress meant the third sentence to apply only where there is a denial of confirmation, it could have used the phrase 'denial of confirmation' as was used in the first sentence. Instead, the third sentence refers to cases where a plan is 'not confirmed.'" I*n re Garris*, 496 B.R. 343, 350 (Bankr. S.D.N.Y. 2013). Although *Garris* was in the context of a dismissal, the court ruled that the third sentence of 1326(a)(2) applied, and debtor's counsel received an allowed administrative expense. *See also In re Jordan*, 2000 WL 33712290 (Bankr. D. Idaho March 24, 2000).

Additional support can be found in the Third Circuit opinion in *Michael* where the majority stated "in the pre-confirmation context, the trustee is obligated to pay allowed administrative expenses from accumulated payments he is holding." 699 F.3d at 314 n.7 (where the Court cited to section 1326(a)(2) for that very proposition). Moreover, the Circuit in *Michael* did discuss the interplay between sections 348 and 1326(a)(2) and stated: "Sections

Page 7
December 5, 2013

348 and 349 are broad provisions applicable to every Chapter of the Bankruptcy Code. The specific provisions of Chapter 13 supersede any distinction that may be read into these general provisions." *See Michael*, 699 F.3d at 314 n.6.

In the instant matter, the fact that an Order has entered awarding administrative fees under section 330 and the absence of such an Order in *Clements* separates, in this Court's view, the distinctions made in *Clements*. I find that the language of 1326(a)(2) should be followed when a Plan is not confirmed and unpaid claims allowed under section 503(b) are present. Accordingly, the Trustee's Notice of Funds on Hand shall be disbursed first in payment of the allowed administrative claim of Former Counsel and the balance remaining to the Debtors, pursuant to 11 U.S.C. section 1326(a)(2).

An Order in conformance with this Opinion has been entered by the Court and a copy attached for the parties' convenience.

            Very truly yours,

            s/ *Donald H. Steckroth*

            DONALD H. STECKROTH
            UNITED STATES BANKRUPTCY JUDGE

Enclosure